IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Danrel Mzeizi Mainora,**

    **Petitioner,**                                :         Case No. 2:19-cv-4846

    v.                                         :         Judge Edmund A. Sargus, Jr.

**Rebecca J. Adducci,** *et al.*                :         Magistrate Judge Chelsey M. Vascura

    **Respondents.**                         :

## REPORT & RECOMMENDATION

This matter is before the Court for consideration of Respondents' unopposed motion to dismiss the petition for habeas relief under 28 U.S.C. § 2241. (ECF No. 9.) For the reasons that follow, the undersigned **RECOMMENDS** that the Court **GRANT** the motion to dismiss and that this habeas action be **DISMISSED**. The undersigned further **RECOMMENDS** that the Court **DENY** Petitioner's motion for a stay of deportation proceedings. (ECF No. 2.)

### Relevant Facts and Procedure

Petitioner, a former immigration detainee, alleges that he is a citizen of Angola. Respondents contend that Petitioner is a citizen of Mali. The parties agree that Petitioner was ordered removed and taken into custody. On October 22, 2019, while in custody, Petitioner filed a petition seeking federal habeas relief under § 2241. (ECF No. 1.) Construing the petition liberally, Petitioner appears to allege that his detention pending removal violated 8 U.S.C. § 1231(a) and the Substantive Due Process Clause under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not significantly likely in the near future. (*Id.*) Petitioner seeks release from custody and a declaration that his custody is unauthorized. (*Id.*) On the same day, Petitioner also filed a motion asking this Court to stay his deportation proceedings. (ECF No. 2.)

On November 27, 2019, Respondents timely filed an Answer to the petition and opposed Petitioner's motion for stay. (ECF No. 8.) Subsequently, on January 22, 2020, Respondents moved to dismiss the petition for lack of subject matter jurisdiction. (ECF No. 9.) Attached to Respondents' motion to dismiss is a declaration from a deportation officer declaring under penalty of perjury that Petitioner was successfully removed to Mali on December 3, 2019. (*Decl.* ¶ 4, ECF No. 9–1.)[1]

## Discussion

A district court can only exercise subject matter jurisdiction over an application for habeas relief if an applicant is in custody when the application was filed. 28 U.S.C. § 2241. A district court can continue to exercise jurisdiction after a petitioner is released from custody if a petitioner can demonstrate that his release did not render the petition moot. *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). An action becomes moot if events that occur during litigation make it impossible for a court to grant the relief that has been requested. *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). If a case becomes moot, it no longer satisfies the case and controversy requirement under Article III, § 2 of the United States Constitution, and a federal court lacks power to entertain it. *Id*.

Here, the record reflects that although Petitioner was in custody when he filed his petition, he was successfully removed on December 3, 2019. (*Decl.* ¶ 4, ECF No. 9–1.) In his petition, Petitioner sought release from custody and a declaration that his custody is unauthorized. Because he has been removed, the Court is no longer able to grant that relief. Accordingly, the petition is moot. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) (finding that a petitioner's deportation rendered his claim for release from custody moot); *Laurent v. Sessions*, No. 4:18–CV–

---

[1] The undersigned ordered Respondents to update the Court about Petitioner's removal status. (ECF No. 10.) That Order was sent to the Clerk of this Court the same day that the declaration was filed and docketed the following day. (ECF No. 9–1.) No further compliance is required.

935, 2019 WL 118603, at *1 (N.D. Ohio Jan. 7, 2019) (finding that petitioner's removal to Ivory Coast mooted his claims for release from custody); *Head v. Crutchfield*, No. 2:06–CV–12231, 2006 WL 1851268, at *1–2 (E.D. Mich. June 30, 2006) (finding that petitioner's removal to the United Kingdom mooted claims involving detention pending removal).

The undersigned also finds that Petitioner cannot demonstrate a reasonable likelihood that his rights will be violated in the future or that any future violation could not be fully litigated given the nature of the relief that he sought in the petition. As noted, the only relief that Petitioner sought pertained to his custody; he did not seek relief for any collateral consequences to his removal. Therefore, no exceptions to the mootness doctrine apply in this case. *See Enazeh,* 107 F. App'x at 491. Accordingly, it is **RECOMMENDED** that Respondents' motion to dismiss for lack of subject matter jurisdiction be **GRANTED**. (ECF No. 9.)

The undersigned also concludes that Petitioner's motion to stay has been mooted by his removal. Even if it had not been so mooted, however, this Court lacks jurisdiction to stay deportation proceedings. *See Elcheikhali v. Holder*, No. 4:10–CV–2333, 2010 WL 4818390, at *2 (N.D. Ohio Nov. 22, 2010) (the REAL ID Act stripped this Court of jurisdiction to issue such a stay, as well as the Petitioner's right to receive one from this Court) (citing 8 U.S.C. § 1252(a)(2)(C))). Accordingly, it is **RECOMMENDED** that Petitioner's motion to stay be **DENIED**. (ECF No. 2.)    !

## Recommended Disposition

For all these reasons, the undersigned **RECOMMENDS** that the motion to dismiss the petition for habeas relief be **GRANTED** and that this action be **DISMISSED**. (ECF No. 9.) The Magistrate Judge further **RECOMMENDS** that Petitioner's motion to stay be **DENIED**. (ECF No. 2.)

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this *Report and Recommendation*, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                                /s/ *Chelsey M. Vascura*
                                                **CHELSEY M. VASCURA**
                                                **UNITED STATES MAGISTRATE JUDGE**